UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MICHAEL DECARLO WRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>TNDC, et al.,<br><br>    Defendants. | Case No. 18-cv-02196-LB<br><br>**ORDER DISMISSING COMPLAINT**<br><br>Re: ECF No. 1 |

## INTRODUCTION

The plaintiff Michael Wright represents himself in this action. He filed his complaint alleging that residents in the apartment building he lives in — the Kelly Cullen Community Complex — are harassing him on the basis of his race.[1] He raises various other grievances related to the building and references his disability.[2] He brings a myriad of federal and state claims against the

---

[1] Compl. – ECF No. 1 at 7–10. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 7.

defendants.[3] The court granted his application to proceed *in forma pauperis*.[4] Mr. Wright consented to magistrate jurisdiction.[5]

Before directing the U.S. Marshal to serve the defendants with Mr. Wright's complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). Having done so, the court finds that the complaint fails to state a claim. Mr. Wright does not support his claims with a coherent and legally sufficient factual narrative. *See generally* Fed. R. Civ. P. 8(a)(1), 12(b)(6). This is Mr. Wright's first attempt to plead his claims. The court cannot say that he could not plead something viable if allowed to amend.

## STATEMENT

Mr. Wright alleges "for well over 3 ½ years [and] TNDC staff of management [and] dept. of public health direct housing program joins in of the very outrageous intention infliction of emotional distress by refusing to evict both Steve Lord, Gregory Patrict Fagundes, [and] Brian Kirt-Patrict [and] Sara Camero yell at all blacks [racial slurs]."[6] He states: "services to the plaintiff myself Mr. Michael Decarlo Wright and the other on or about 172 tenants who too have disability like myself."[7] He also states: "For example tenant services project coordinator Ja Eun Huh harassed the said plaintiff myself Mr. Michael Decarlo Wright well over several times by a means of: 'stalking me located in the building where I live, causing me the plaintiff Mr. Michael Decarlo Wright to file a SF police report and house (in house) complaint to the above said TNDC defendant Ja Eun Huh has also told bold face lies of fraud pertaining to my restraining orders against Sara Camero . . ."[8] The complaint continues in this vein.[9] Mr. Wright attaches an

---

[3] *Id.* at 1.

[4] Application – ECF No. 2; Order – ECF No. 4.

[5] Consent – ECF No. 7.

[6] *Id.* at 6.

[7] *Id.* at 7.

[8] *Id.* at 7.

[9] At 7–10.

additional 118 pages of hand-written notes to the complaint that generally allege that Steve Lord and other tenants in the building yell racial slurs at him and harass him.[10]

Mr. Wright names 35 defendants in his complaint, including the Tenderloin Neighborhood Development Corporation ("TDNC"), the Department of Homeless & Support Services, "Direct Housing Program," the Department of Public Health, the Mayor of San Francisco, and additional individually named defendants.[11] Mr. Wright appears to bring claims under the Americans with Disabilities Act ("ADA"); the Civil Rights Act of 1984; the Racketeer Influenced and Corrupt Organizations Act ("RICO"); "deprivation of constitutional rights" under 42 U.S.C. §§ 1981, 1983, and 1985; and pendent state tort and contract claims.[12] He asks for $2.5 million in damages and $1.5 million for "further punishment."[13]

## ANALYSIS

1. *Sua Sponte* Screening — 28 U.S.C. § 1915(e)(2)

The court recently granted the plaintiff leave to proceed *in forma pauperis*.[14] A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that

---

[10] Exhibit Volume 1 – ECF No. 1-1; Exhibit Volume 2 – ECF No. 1-2.

[11] *Id.* at 1.

[12] *Id.*

[13] Compl. – ECF No. 1 at 10. The court notes that the hand-written complaint is primarily written in all capitalization. *See generally id.* For the sake of clarity, quotes in this order omit the capitalization in the complaint.

[14] ECF No. 4.

"[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

### 2. The Complaint Fails to State a Claim

The complaint does not clearly express the plaintiff's claims and the facts giving rise to those claims. "A pleading that states a claim for relief must contain . . . a short and plain statement showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Directness and clarity are mandatory: "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[A] complaint must give fair notice" of the alleged wrong "and state the elements of the claim plainly and succinctly." *Pickard v. WMC Mortgage Corp.*, 2009 WL 3416134, *3 (E.D. Cal. Oct. 21, 2009) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)). The Ninth Circuit has explained: "Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne,* 84 F.3d at 1179 (9th Cir. 1996).

Under these standards, Mr. Wright's complaint fails to state a minimally sufficient claim. His complaint is composed mostly of conclusory allegations that the TDNC is discriminating against him and that tenants in his apartment building are harassing him; such factual discussion as he proffers is at times incoherent. Significant stretches of the handwritten complaint are, unfortunately, illegible. The complaint does not yield a "short, plain statement" of any legally recognized claim showing that Mr. Wright is "entitled to relief."

For example, to state a claim for discrimination under the Americans with Disabilities Act, a plaintiff must allege that: (1) he is an individual with a disability, (2) he is otherwise qualified to

participate in or receive the benefit of the entity's services, (3) he was discriminated against solely by reason of her disability, and (4) the defendant is a public entity. *Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1041, 1045 (9th Cir. 1999). Mr. Wright does not identify his disability or allege what services the defendants denied to him. The complaint pleads only Mr. Wright's conclusions that he was discriminated against.

Mr. Wright's other allegations about being harassed by tenants do not clearly identify who Mr. Wright is suing for what wrongs. The complaint does not give fair notice to the defendants of what they are being sued for. Mr. Wright fails to state any legally viable claim.

## CONCLUSION

The court dismisses the complaint with leave to amend. If Mr. Wright chooses to file an amended complaint, he must do so by June 11, 2018.

Mr. Wright may also dismiss his case voluntarily by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice, thereby allowing Mr. Wright to file a complaint later if he can cure the complaint's deficiencies.

If Mr. Wright does not file a First Amended Complaint by June 11, 2018, or ask for an extension of the time to do so, the court will close the case without prejudice to Mr. Wright's timely refiling it if he can cure the complaint's deficiencies.

**IT IS SO ORDERED.**

Dated: May 14, 2018

LAUREL BEELER
United States Magistrate Judge